C. BREWER PUERTO RICO, INC., Plaintiff and Appellee, *v.* FRANCISCO VEGA OTERO, INC., Defendant and Appellant.

No. R-64-169.    Decided June 1, 1965.

*José M. Menéndez Monroig* and *John F. Malley* for appellant. *McConnell, Valdés & Kelley, Ramón Morán Loubriel,* and *Pablo R. Cancio* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: In March 1956 the Eastern Sugar Associates verbally agreed with Francisco Vega Otero, Inc., on the sale of two tracts of land situated in ward Bairoa in Caguas, one, 2.77 cuerdas and the other .74 cuerda for the price of $9,000 payable "upon execution of the sales deed and, in any event, not later than June 15, 1956."

On the 22d of that month the Eastern Sugar Associates sent a letter to Francisco Vega Otero, Inc., ratifying said verbal agreement and in which it was stated that those two parcels would be previously segregated from two different properties of larger areas, and that Francisco Vega Otero, Inc., bound itself "to take steps with the Planning Board of Puerto Rico and obtain on his account the necessary sub-

division permit for the execution of the corresponding deed of segregation and sale, and likewise to comply with all the rules, regulations or orders of said Planning Board in relation to said land."

That letter contained other conditions to be stipulated and it ended with the following sentence:

"Please return the attached copy of this letter duly signed at the bottom to show *your agreement with the above mentioned terms and conditions.*"

It was signed by Manuel A. del Valle as president of the company sending the letter. Francisco Vega Otero, Inc., set forth his acceptance and agreement in writing on April 4, 1965, below the signature of del Valle.

The price fixed was paid by Francisco Vega Otero, Inc., in 1956 and the material possession of both parcels of land was delivered to it. Notwithstanding having agreed that this corporation would manage to obtain the permission for the segregation, the Eastern Sugar Associates took the initiative and by the middle of 1956 it started to take the corresponding steps in case 57-076 Lot before the Planning Board of Puerto Rico.

On January 3, 1964, that is, about 8 years later, C. Brewer de Puerto Rico, Inc., claiming to be the successor of Eastern Sugar Associates, filed in the Superior Court, San Juan Part, an action for declaratory judgment requesting the court to declare that for failure to obtain the permit for the segregation—which action the Eastern undertook—the agreement of 1956 was resolved or, in the alternative, and on the same ground, to declare null or void its agreement with the other party in 1956.

A copy of the letter of March 22, 1956 was attached to the complaint. But in that copy there appears, below the signature of President del Valle and the statement of acceptance and conformity of Francisco Vega Otero, Inc., an addi-

tional paragraph signed by a certain Aragoneses, as comptroller of Eastern Sugar Associates, without stating the date on which it was written, and which reads thus:

"*Note:* It is understood and agreed that in the event that within a reasonable period of time, in the opinion of the Eastern Sugar Associates, you have not obtained the subdivision permit for the segregation of the above described land, this sale agreement will be void, and the Associates bind themselves and agree to return the sales price paid, without interest of any kind whatsoever, both parties being relieved from any further promise or obligation under this agreement.

EASTERN SUGAR ASSOCIATES (A TRUST)

By:

(s) *M. Aragoneses*
Comptroller."

On February 21, 1964 Francisco Vega Otero, Inc., moved for the dismissal of the complaint for insufficiency. This question having been discussed, the motion was dismissed, Judge Polo stating, in part, in his order:

"The motion to dismiss filed by defendant in this case is based on the fact that the resolutory clause of the contract executed by the parties was added to the contract after it was signed by defendant.

"A photostatic copy of said contract was attached to the complaint, as well as a letter of December 13, 1963 of Mr. Julio Reguero counsel for the defense. Said contract and letter are part of the complaint, since for the purposes of the decision of a motion to dismiss we must consider as true the facts alleged in the complaint, we are constrained to deny the motion to dismiss, since it does not appear from the allegations in the complaint that said clause was written after the contract had been signed, as affirmed by defendant. *Said fact must be object of proof to be elucidated in a plenary suit.*"

Defendant answered accepting part of the allegations and denying the rest. It stated affirmatively that the final note of the letter of March 22, 1956, copied above, was not a

part of the agreement and that "the note added to the contract after it was signed by defendant, was added for the sole and only purpose of protecting defendant if it did not obtain the authorization from the Planning Board to make the segregation involved in the sale." It also alleged as defense, that "the delay in obtaining the permit of the Planning Board of Puerto Rico is due to plaintiff's fault."

On May 27, 1964 plaintiff moved for summary judgment on the ground that the Planning Board had disapproved the segregation of the two parcels object of the sales contract and that according to the doctrine in *Soto* v. *Feliciano*, 80 P.R.R. 595 (1958), the sales contract was absolutely void and this being so, "none of the parties is bound by said contract and the considerations paid thereunder should be returned." A sworn statement of its vice-president was attached to the motion in which it was stated that plaintiff had sent defendant "a check for the amount of $9,000 as a refund for the amount of the sale", that the object of the sale was the two parcels to be segregated from two other properties of larger area and that their respective segregations had never been approved and that "on the contrary, the Planning Board has denied the permit for said segregations."

Defendant filed a motion of opposition in which it denied that the "Planning Board" disapproved the segregations and that plaintiff had been required "to comply with several conditions prior to the approval of the segregation requested;" it also denied that there existed a sales contract and that the case of *Soto* v. *Feliciano*, 80 P.R.R. 595 (1958), and that of *Commonwealth* v. *De la Torre*, 87 P.R.R. 762 (1963) were applicable; it stated that it was in a condition to prove that the contract was lawful.

The hearing of the motion for summary judgment was held on June 26, 1964. At that hearing plaintiff did not offer any additional document or other proof in support thereof.

Defendant presented a certified copy of the order or report of the Planning Board, of August 1, 1956, disapproving the segregation of "a *parcel of .74 cuerda* to join it to another parcel of 2.77 cuerdas and also a copy of another order of that Board, of May 23, 1957 which ends saying:

"This Planning Board of Puerto Rico understands that since there exists a conflict of titles involved in this case which precludes the consolidation of the parcel to be segregated from the parcel marked 'B' in the sketch presented by Engineer Juan Velázquez Caballero, this conflict of titles between the parties must be elucidated in a competent court, since this Board is not the appropriate forum to entertain such controversy.

"By virtue of the foregoing this Board is without jurisdiction to entertain this case and therefore it denies the motion for reconsideration filed by the petitioner in this case and informs that once this conflict is elucidated it will be in the best disposition to decide the same."

It also presented a certified copy of the "Findings of Facts, Conclusions of Law and Judgment" rendered by the Superior Court, Caguas Part, in the case of C. Brewer Puerto Rico, Inc., (substituting the Fajardo Eastern Sugar Associates, etc.), plaintiff v. Manuel Disdier Pacheco and his wife, María Alicia Torres, defendants, civil case No. 58-1105, on: Revendication.

On July 2, 1964, Judge Pérez Marrero of the Superior Court, San Juan Part, rendered summary judgment in the action deciding that once it was shown that the Planning Board had denied the permit to segregate a property object of a sale, it must inescapably be concluded that there did not exist a genuine issue of fact to be decided on the basis of the evidence discovered by the parties in support of their allegations and that, whether the contract was one of promise of sale or a sale contract, it was mandatory to state, in conformity with the cases aforecited and Act No. 213 of May 12, 1942 (Sess. Laws, p. 1106), that the contract in question

was void "because it involved *a parcel of land which is part of a property of a larger area* without its segregation having been previously authorized by the Planning Board." To that effect it found "the contract executed between the parties on March 22, 1965 void, with the pertinent legal consequences." It ordered defendant to pay the costs and $100 for attorney's fees.

Later it denied a motion for reconsideration filed by defendant.

We issued the writ to review that judgment. Defendant-appellant maintains before us, among other things, that it was improper to render summary judgment without holding a plenary suit on the merits, because there was a real and genuine issue of facts and of the applicable law to be elucidated or determined.

We have carefully and thoroughly scrutinized the records, the briefs of the parties, and specially, the sworn statements of the appellee and appellant's certificates offered in relation to the motion for summary judgment. We have concluded that in the light of the concurring circumstances, the summary judgment rendered was improper and it must be reversed, ordering the holding of a plenary suit on all the questions in controversy.

We are of the opinion that there arose a controversy of facts, to be fully proved as to the following points:

1—Whether the parcel of 2.77 cuerdas object of the private agreement and which would be consolidated with that of .77 cuerda was an independent property, individualized, and which was not really a part of the other property of a larger area, it being unnecessary, in order to sell it, to obtain a permit of segregation from the Planning Board. In a certain sense, the certificates submitted contradict, as maintained by appellant, plaintiff's sworn statement affirming that the approval was denied as *to the two parcels,* when it was only denied as to the .77 cuerda parcel.

2—Whether defendant was bound by the so called "Note", which appears added to the agreement under defendant's signature, and in which it was stated that (1) a reasonable period of time was fixed, in the opinion of the Eastern Sugar Associates, for *defendant* to obtain the permit for subdivision, (2) in default thereof "this sale agreement shall have no effect", (3) that in such event, the Eastern would refund the sales price paid, without interest of any sort, both parties being relieved of any further promise or obligation under this agreement.

3—Whether plaintiff performed acts or took steps which hindered the approval of the segregation, for the purpose of the affirmative defense that "the delay in obtaining the permit of the Planning Board is due to plaintiff's fault", since it appears from the record that the entity which appears as taking steps for the permit is the Eastern and not the defendant, the latter being the one which assumed the responsibility of taking such steps.

4—Whether the conditions or requirements required by the Board in deciding the reconsideration were in fact complied with.

We are of the opinion that, as a question of law, there existed a genuine controversy to be solved, in relation to the following points:

1—Whether the covenant, agreement or contract executed between the parties, in the light of its concrete and specific stipulations, is in its entirety radically void;

2—Whether it is valid in relation to the parcel of 2.77 cuerdas, considering that this was a separate and independent parcel;

3—Whether assuming the absolute nullity of the agreement plaintiff was obliged to pay legal interest for the amount of $9,000 for the time it retained said amount, and what was paid, with legal interest, for property taxes by defendant;

4—Whether, considering the terms of the two orders or "reports" of the Planning Board, it definitively denied or not the permit for the segregation of the parcel of .77 cuerda and whether it is proper, in the second case, for said Board to consider the question again in the light of what took place subsequent to those orders or reports, and

5—In case of a determination in the sense that the Note copied above did not bind defendant, whether § 1081 of the Civil Code was applicable, since in the text of the letter itself the term for the obligation to request the permit from the Planning Board was not stated.

For the reasons stated the judgment appealed from will be reversed and the continuation of the proceedings pursuant to the pronouncement herein will be ordered.